IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TRACY BRYAN,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    Case No. 1:08cv365 |
| | ) |
| JENNIFER FULTZ and<br>DENNIS MOONEY,<br>    Defendants. | )<br>)<br>)<br>) |

## ORDER

This matter is before the Court on defendants' motion for summary judgment as to Count IV of plaintiff's third amended complaint, namely, plaintiff's state-law claim against both remaining defendants for intentional infliction of emotional distress. Defendants' summary judgment motion was fully briefed, and both parties presented argument, by counsel, on January 6, 2009. On January 6, 2009, an Order issued ruling on the other portions of defendants' summary judgment motion and taking the motion as to Count IV under advisement. *Bryan v. Gibson*, No. 1:08cv365 (E.D. Va. Jan. 6, 2009) (Order). The Order further directed the parties to file supplemental memoranda on this issue, which they have now done. The motion has therefore been fully briefed and is ripe for disposition.

Decisions by the Supreme Court of Virginia make clear that in order to recover on a claim of intentional infliction of emotional distress, a plaintiff must show, by clear and convincing evidence, that "1) the wrongdoer's conduct was intentional or reckless; 2) the conduct was outrageous or intolerable; 3) there was a causal connection between the wrongdoer's conduct and the resulting emotional distress; and 4) the resulting emotional distress was severe." *Supervalu, Inc. v. Johnson*, 276 Va. 356, 370 (2008); *see also Almy v. Grisham*, 273 Va. 68, 77 (2007);

*Womack v. Eldridge*, 215 Va. 338, 342 (1974). The Supreme Court of Virginia requires each element to be proved by clear and convincing evidence because the tort is "not favored" due to the "inherent problems in proving a claim alleging injury to the mind or emotions in the absence of accompanying physical injury." *Supervalu*, 276 Va. at 370. With respect to the first element, the Supreme Court of Virginia has stated that a plaintiff must show that "the wrongdoer had the specific purpose of inflicting emotional distress or where he intended his specific conduct and knew or should have known that emotional distress would likely result." *Womack*, 215 Va. at 342; *see also Almy*, 273 Va. at 78 (holding that a plaintiff who failed to allege either that certain defendants "engaged in conduct with the intent to cause [plaintiff] emotional distress" or that the defendants "knew or should have known their act[ion] . . . likely would cause [plaintiff] severe emotional distress" failed to state a cause of action against those defendants for intentional infliction of emotional distress). To establish the second element, the conduct must be "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Russo v. White*, 241 Va. 23, 27 (1991) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)). As for the fourth element, "liability arises only when the emotional distress is extreme, and only where the distress inflicted is so severe that no reasonable person could be expected to endure it." *Id.* (citing Restatement (Second) of Torts § 46 cmt. j).

Based on the summary judgment record, it is doubtful whether plaintiff could establish, by clear and convincing evidence, (i) that defendants acted with reckless disregard as to whether plaintiff would suffer severe emotional distress as a result of their conduct or (ii) that defendants' conduct was sufficiently outrageous. Yet, even assuming a reasonable jury could find that

plaintiff had satisfied these elements, plaintiff's claim for intentional infliction of emotional distress must fail because plaintiff clearly cannot show by clear and convincing evidence that she has suffered emotional distress "so severe that no reasonable person could be expected to endure it." *Russo*, 241 Va. at 27.

The pertinent facts as to plaintiff's emotional distress are essentially undisputed. Plaintiff states in her declaration that she is "by nature very modest and conservative with regards to sexual matters, and was deeply mortified and anguished at being seen naked by male strangers, even for a relatively short period of time." She further describes weeping while relating the April 4, 2008, and the April 11, 2008, alleged incidents of cross-gender strip searches to her father by telephone from the detention facility. At her deposition, plaintiff testified that after being released from the detention center following her first weekend of incarceration, she drove herself to her parents' home, where she took a shower, ate dinner, tended to her daughter, and "cried almost all night long." She testified that she went to work the next day, a job to which she reports at approximately 8:00 a.m. Plaintiff is an hourly employee who is not paid for time she does not work. She makes no claim for lost wages, nor does she claim she missed any work as a result of the incidents. In her declaration, she reports that she would become emotional and tearful when discussing the strip searches with her lawyer. On April 30, 2008, plaintiff saw a licensed professional counselor, who diagnosed her as having acute stress disorder and recommended that she see a counselor every Wednesday before returning to the detention facility for the weekend.[1] She never did so, nor did she seek any other medical care. She was never

---

[1] Specifically, the counselor testified in a deposition that she assigned plaintiff "an Axis I diagnosis of acute stress disorder which is 308.3 in the DSM-IV." DSM-IV 308.3 provides that acute stress disorder "lasts for a minimum of 2 days and a maximum of 4 weeks and occurs

prescribed any medicine by any health care provider in connection with the incidents. Plaintiff states in her declaration that following the alleged cross-gender strip searches, she did not want even her husband to see her naked and changed clothes in private for a period of weeks. She further alleges that for a period of a few months, she felt a physical revulsion to being touched and refrained from having intimate relations with her husband until August 2008. In sum, although plaintiff was clearly upset by the incidents, experiencing a stress that was most prominently manifested in her withdrawal from her husband, she has otherwise maintained a relatively normal life, managing to keep her job without medication or extensive counseling.

On these undisputed facts, it is evident that plaintiff cannot meet the exacting standards Virginia law requires for plaintiffs claiming intentional infliction of emotional distress. This point is made pellucidly clear by reviewing a few decisions in which the Supreme Court of Virginia has addressed what a plaintiff asserting a claim of intentional infliction of emotional distress must allege. In *Russo*, although the plaintiff "alleged that she was nervous, could not sleep, experienced stress and its physical symptoms, withdrew from activities, and was unable to concentrate at work," the Supreme Court of Virginia concluded that "the alleged effect on the plaintiff's sensitivities is not the type of extreme emotional distress" that gives rise to liability. *Russo*, 241 Va. at 28. More recently, in *Harris v. Kreutzer*, 271 Va. 188, 204–05 (2006), the plaintiff "alleged she suffered severe psychological trauma and mental anguish affecting her mental and physical well-being," with symptoms including "nightmares, difficulty sleeping, extreme loss of self-esteem and depression, requiring additional psychological treatment and counseling." Nonetheless, the Supreme Court of Virginia held that the plaintiff failed to plead

---

within 4 weeks of the traumatic event."

facts sufficient to support the severity element of a claim for intentional infliction of emotional distress. *Id.* Finally, in *Almy*, the Supreme Court of Virginia held that a plaintiff who had asserted that the defendants' conduct had "caused her to suffer from several debilitating conditions, including depression, nervousness, and an inability to sleep, which ultimately caused a complete disintegration of virtually every aspect of her life" had adequately alleged severe emotional distress. 273 Va. at 79. Significantly, in *Almy*, the Supreme Court of Virginia distinguished the plaintiff's case from both *Russo* and *Harris*, noting with respect to the latter that "[w]hile both Almy and the plaintiff in *Harris* alleged that they required counseling and suffered from severe psychological trauma, depression, humiliation, and injury to reputation, Almy additionally alleged that the defendants' actions rendered her functionally incapable of carrying out any of her work of family responsibilities." *Id.* at 80 (citation omitted).[2]

---

[2] The *Almy* court's treatment of *Russo* and *Harris* serves to undermine plaintiff's description of *Russo*'s holding. In her supplemental brief, plaintiff argues that *Russo* does not purport to set a floor for the quantum of distress a plaintiff must suffer before successfully stating a claim for intentional infliction of emotional distress, but rather sets an evidentiary standard. This characterization of *Russo*'s reasoning finds support in decisions by courts in the Eastern District of Virginia. *See Dixon v. Denny's, Inc.*, 957 F. Supp. 792, 796 (E.D. Va. 1996) ("The [*Russo*] Court concluded that the lack of any verifiable evidence of severe emotional distress precluded the plaintiff's suit . . . ."); *see also Heckenlaible v. Va. Peninsula Reg'l Jail Auth.*, 491 F. Supp. 2d 544, 553 (E.D. Va. 2007) ("In light of [*Russo*'s] reasoning . . . , courts have required plaintiffs alleging intentional infliction of emotional distress to come forward with some objectively verifiable evidence to establish severe distress."). Yet, when the Supreme Court of Virginia distinguished the facts in *Almy* from those of *Russo*, it did not emphasize that Russo's claim had failed because of a lack of verifiable evidence, but instead held that Almy's "allegations are materially different from the allegations of severe emotional distress in *Russo*." *Almy*, 273 Va. at 80. Further, as noted in *Almy*, the plaintiff in *Harris* had objectively verifiable evidence of her distress, since she had alleged that she underwent "additional psychological treatment and counseling as a direct result of [defendant's] conduct." *Harris*, 271 Va. at 203 (internal quotation marks omitted). Nonetheless, the Supreme Court of Virginia held that Almy had alleged sufficiently severe emotional distress, although Harris had not, because Almy's emotional distress was more qualitatively severe than Harris's. *Almy*, 273 Va. at 80 ("We likewise conclude that Almy's allegations of severe emotional distress *exceed* those alleged by

These principles, applied here, compel the conclusion that plaintiff cannot establish by clear and convincing evidence that she has suffered the level of severe emotional distress required by the Supreme Court of Virginia. Although the undisputed facts certainly demonstrate that plaintiff was very upset by the experience, resulting in a diagnosis of acute stress disorder, plaintiff's emotional distress is much more akin to the mental anguish suffered by the plaintiffs in *Russo* and *Harris* than the debilitating distress described in *Almy*. Like the plaintiff in *Harris*, plaintiff here has sought counseling, but has not suffered life-altering emotional distress. Indeed, she had only one counseling session and does not claim to have sought any further medical or professional care as a result of the incidents. In sum, based on the pertinent, undisputed facts, no reasonable jury could find by clear and convincing evidence that plaintiff experienced emotional distress "so severe that no reasonable person could be expected to endure it," an essential element of plaintiff's intentional infliction of emotional distress claim. *Russo*, 241 Va. at 27.

Accordingly, for these reasons, and for good cause,

It is hereby **ORDERED** that defendants' motion for summary judgment as to Count IV of plaintiff's third amended complaint is **GRANTED**.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
February 10, 2009

T. S. Ellis, III
United States District Judge

---

the plaintiff in *Harris* . . . ." (emphasis added)). Thus, *Almy* demonstrates that plaintiffs must indeed establish that they experienced emotional distress more severe than the mental suffering of the plaintiffs in *Russo* and *Harris*, a burden plaintiff simply cannot meet.